The STATE of Wyoming on the relation of Philip WHITE Jr., a qualified elector, on behalf of himself and all other qualified electors who voted for the passage of Constitutional Amendment Number Two at the General Election held in the State of Wyoming on November 3, 1970, and Daniel E. White, Sheryl Baldwin, Steve Gnam, Beverly Hirsch, Bill Norris, Karen Reich, Mark J. Richards, James Seigel and Judy Wilson, Minors, by their next friends, Weston W. Reeves and Philip White Jr., Petitioners,

v.

Stanley K. HATHAWAY, Governor of the State of Wyoming, Respondent.

No. 3953.

Supreme Court of Wyoming.

Dec. 16, 1970.

Weston W. Reeves, Associate, Graves and Smyth, Cheyenne, Philip White, Jr., pro se, for petitioners.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

### ORDER

Petition having been filed in this court praying for a writ of mandamus to compel the Governor of Wyoming to issue his proclamation pursuant to § 8–40, W.S.1957, declaring Amendment Number Two voted on in the 1970 general election to have passed and to be a part of the Constitution of the State of Wyoming, it being asserted that the total number of votes cast in the election was 122,354 and that the number of "Yes" votes on Amendment Number Two was 53,997 and the number of "No" votes thereon 48,418; and the court having carefully considered the matter and the prayer for issuance of the writ having failed to receive a majority vote of the members:

It is hereby ordered that the relief sought be and the same is hereby denied.

### ADDENDUM

PARKER, J., with whom GRAY, C. J., concurs, states as his reasons for denial of the writ the following:

1. More than sixty years ago, in 1909, this court in State ex rel. Blair v. Brooks, 17 Wyo. 344, 99 P. 874, 22 L.R.A.,N.S., 478, on consideration of a like question held that Art. 20, § 1, Wyo.Const., calling for "a majority of the electors" to ratify an amendment to the constitution, requires a majority of the electors to adopt an amendment and not merely a majority of those voting thereon, the word "electors" meaning as defined by Art. 6, § 2, Wyo. Const., those entitled to vote, and the word "ratify" meaning to affirm. The court at that time reviewed various phases of the

dispute, including a decision of the Idaho court on a like problem concerning an identical provision in the Idaho constitution, wherein that court in 1896 ruled that an amendment was ratified if a majority of the electors voting on the question favored the amendment. The Idaho court had observed the great disparity of viewpoints on the question, noting the impossibility of harmonizing the cases. Similarly, this court in the Blair case said that according to the constitutional authority, Cooley, the cases were in hopeless conflict; but it positively and unequivocally rejected the philosophy of the Idaho court in the pronouncement now sought to be overthrown.

2. From 1909 to this date the Wyoming legislature has never sought to avoid the effect of the Blair decision by changing Art. 20, § 1, Wyo.Const., through amendment; and by such inaction has acceded to and tacitly approved the interpretation of this court.

3. In the years since 1909, we have had occasion to analyze the problem further. In Town of Pine Bluffs v. State Board of Equalization, 79 Wyo. 262, 333 P.2d 700, 704, Judge Blume, speaking for the court, approved the Blair holding but made clear that the holding was on the basis that the word "electors" meant "the number of electors who actually voted in the election." In 1967 the matter again came up in School Districts Nos. 2, 3, 6, 9, and 10, in County of Campbell v. Cook, Wyo., 424 P. 2d 751; the opinion's author discussed our former views, while the two judges who joined by special concurrence did not reject the Blair and Pine Bluffs holdings but rather made clear that "elector" should not mean "a person entitled to vote" at an election and said, 424 P.2d at 759: "Until a person qualified to exercise the privilege of voting actually takes advantage of his franchise, he does not become an elector."

4. During the period from the 1909 Blair decision, various amendments have failed of adoption because not ratified by "a majority of the electors" even though more electors voted in favor than against them.

5. A change of judicial interpretation of Art. 20, § 1, Wyo.Const., regardless of prospective or retrospective effect, would create grave and insoluble questions producing a chaotic situation totally unlike that which would result from a change in the provision by constitutional amendment if indeed the citizens of this State, acting through their legislature and election processes, desire such change.

McINTYRE, J., states as his reasons for granting an alternative writ the following:

Without deciding at this time whether the Governor should be ordered to issue his proclamation that Amendment Two passed in the 1970 election, I take the position that a preliminary or alternative writ should issue. This would allow an opportunity for us to hear the matter and decide the ultimate question of interpretation of the constitution after argument of counsel and full deliberation.

Inasmuch as this court first spoke on the question here involved in a mandamus action, in State ex rel. Blair v. Brooks, 17 Wyo. 344, 99 P. 874, 22 L.R.A.,N.S., 478 (1909), there ought to be no objection to the form of procedure at this time.

If, after some 60 years, we close our eyes to the circumstances and reasons for an earlier decision and consider ourselves so bound by such decision that we are not willing to listen to counsel, it seems to me we fail in our duty to the public who elected us. It hardly needs to be said that the entire membership of the supreme court has changed in the meantime and the number of justices has been increased.

Even if the decision in Town of Pine Bluffs v. State Board of Equalization, 79 Wyo. 262, 333 P.2d 700, 704 (1958), had any application, the same reasoning would apply to it. The number of justices has since been increased and three out of four of the present justices are new.

I consider it misleading to suggest that the *Pine Bluffs* case is in point. The

claim being made *there* was that an amendment failed because a majority of those alleged to be eligible to vote did not vote for the amendment. There was a clear majority of those voting in the election (77,321 "Yes" to 41,959 "No"—out of a total of 125,574 voting in that election). Thus, the question involved in the present proceeding was not involved in the *Pine Bluffs* case.

It is equally misleading to suggest the matter of whether it requires a majority of all those voting at an election to pass a constitutional amendment came up in School Districts Nos. 2, 3, 6, 9, and 10, in County of Campbell v. Cook, Wyo., 424 P. 2d 751. It is true that case had to do with the meaning to be ascribed to the word "electors" as used in a certain statute, but it had nothing to do with the number of votes required to adopt a constitutional amendment.

But even if the *Cook* school case were construed as pertinent to the matter now before us, it would not mean there could not or should not be a reconsideration of the 1909 decision which has been brought into question—especially since the propriety of that decision is now directly and not merely incidentally involved.

McEWAN, J., states as his reason for the granting of an alternative writ the following:

Without making any commitment as to how I might hold on the ultimate question I would grant an alternative writ for the reason that the question is a proper one for consideration upon mandamus, the question having been originally raised in a mandamus action.

I agree that except for solid, cogent and convincing reasons a rule of law long adhered to should not be rejected. But as Judge Blume said in Burns v. Burns, 67 Wyo. 314, 224 P.2d 178, 183, the rule of stare decisis should not be rigid. This is particularly true when previous court decisions involve only questions of public interest not affecting property rights. I would hope that we are not so rigid that we cannot at least listen to the arguments of petitioners to determine if the previous opinion is wholly illogical and unsupported by reason and, therefore, subject to correction.